# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY BITLER, SR.,<br>　　　　　Plaintiff,<br><br>v.<br><br>ROBESON TOWNSHIP,<br>　　　　　Defendant. | Civil Action No.<br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES Plaintiff, Timothy B. Bitler, Sr., by and through undersigned counsel, who hereby submits this Complaint and states the following:

### PARTIES

1. Plaintiff, Timothy B. Bitler, Sr. ("Bitler"), is an adult individual residing in Robeson Township (Berks County), Pennsylvania and is a current Township Supervisor on the Board of Supervisors of Robeson Township, Berks County, Pennsylvania.

2. Defendant Robeson Township ("Township") is a township of the second class under Pennsylvania law, situated in Berks County, Pennsylvania.

3. The Township owns a public building with a mailing address of 2689 Main Street, Birdsboro, PA 19508 (the "Township Building"), wherein all public meetings occur.

### JURISDICTION AND VENUE

4. The foregoing paragraphs are incorporated by reference as if set forth at length herein.

5. Plaintiff brings this action under 42 U.S.C. §1983.

6. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331, because the claims arise under the laws of the United States.

7. Venue is properly brought in this District pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2)

1

because Defendants are situated in this judicial district and because a substantial part of the acts, omissions, or both, occurred in this judicial district.

## GROUNDS

8. The foregoing paragraphs are incorporated by reference as if set forth at length herein.

9. The Township is governed by a five-member Board of Supervisors ("the Board") exercising certain legislative, executive, and quasi-judicial powers enabled by Pennsylvania law.

10. At the Township Building, the Board holds regular public meetings to conduct deliberations and official action and to enact ordinances and resolutions governing the Township. At these meetings, as required by Pennsylvania's Sunshine Act, 65 Pa.C.S. §§ 710.1 and 711(a), any resident of the Township may offer public comment and any person may record the meeting.

11. The Board maintains an official record of its meetings only in the form of minutes.

12. To produce a comprehensive record of public comment and official debate and action, and as a service to his constituents in the Township and to facilitate public debate and discussion in Berks County, Bitler uses an electronic audiovisual recording device before, during, and after every Board meeting for remote viewing by the public. Bitler additionally conducts such recording of the public meeting room while the Board in another room holds an executive session pursuant to 65 Pa.C.S. 708(b), to document the duration of the executive session as well as any unofficial public comments and discussion, as well as comments of elected officials on the way to and from the executive session that occurs during such times.

13. Whenever the Board holds an executive session in another room during the public meeting, attendees in the public meeting room may engage in public comments and discussion in such room without the presence of the Township Supervisors.

14. Similarly, unofficial public comments and discussions, as well as comments and conduct

of members of the Board, frequently and regularly occur prior to and after the adjournment of the public meeting.

15. Bitler makes the foregoing audiovisual recordings available to the public through the Internet, specifically, a channel on youtube.com entitled "Robeson Revealed," and available at https://www.youtube.com/@RobesonRevealed

16. Any individual has free access to the videos hosted on the foregoing channel and Bitler is currently the only individual to consistently provide such videos to the public.

17. On or about March 19, 2024, the Board adopted Resolution 24-06, Regarding Audio and Video Recording Conduct during Public Meetings (the "Resolution"). The Resolution is attached as "Exhibit A" and incorporated by reference.

18. Paragraph 1(b) of said Resolution requires Recording Devices to be muted and unable to record audio before the commencement of a public meeting, after adjournment of a public meeting, during a recess of a public meeting, during conferences pursuant to 65 Pa.C.S. 707(b) and during executive sessions held pursuant to 65 Pa.C.S. 708.

19. Paragraph 1(I) of the Resolution further reads, "No Recording Device shall be operated more than one minute prior to a meeting being called to order, while a meeting is in recess, or more than one minute after a meeting is adjourned."

20. The Resolution was adopted by a majority of votes cast by the Board at a regular meeting held on March 19, 2024, with Bitler voting against the same.

21. The Resolution substantially impairs the rights of any person to produce a verbatim, contemporaneous, audiovisual recording of the public meetings. It would therefore apply to Bitler, who regularly produces such recordings.

22. It is believed and therefore averred as applied to the facts and circumstances of this case

that the Resolution is intended to specifically target Bitler and violate his rights under the First Amendment of the U.S. Constitution, made applicable to the States under the Fourteenth Amendment.

23. The Resolution is overbroad on its face, prohibiting audiovisual recordings on public property during a time, place, and manner that is unreasonable and where there is no legitimate expectation of privacy. Additionally, audiovisual recording during these times prohibited by the Resolution bear directly on matters of public concern, such as any off-the-record discussions, interviews of elected or appointed officers by attendees or journalists, the decorum and professional demeanor of elected and appointed officers and employees of the Township, potential violations of the Pennsylvania Sunshine Act, and extended remarks and commentary by any person, including attendees, residents, and journalists.

24. No person has any legitimate expectation of privacy on the public grounds, or within the common areas of the Township Building, at any time, much less during a public hearing or meeting or immediately before or after the same. Furthermore, Bitler displays a sign with the camera advising all attendees that they are being recorded.

25. The Resolution provides that any person violating its terms may be removed from the public meeting and may no longer operate the recording device.

26. Based on the foregoing, Bitler is therefore subject to being barred from public meetings unless he accepts the prior restraints placed upon him by the Resolution. Furthermore, Bitler, as a Township Supervisor, is forced to choose between his speech and journalistic activities and his ability to serve his constituents by participating as an elected officer in the meetings, where no such conflict existed but for the Resolution.

27. Since the passage of the Resolution, Bitler has been forced to mute and turn off his

Recording Device under threat of being removed from a public meeting multiple times. He has muted or turned off the device under protest each time he has been ordered to do so pursuant to the Resolution.

28. On information and belief, the object of the Resolution is to chill, suppress, and evade recording and public dissemination for the purpose of accountability and exposure to public criticism.

29. At no time has Bitler's recording of public meetings and the Township Building prior to and after public meetings caused or created an actual disruption to the conduct of any public meeting of the Board.

30. The effect of the Resolution is to create a prior restraint on speech.

31. The effect of the Resolution is to remove a means for the public to become informed on matters of public concern in order to facilitate their right to petition their elected officers.

32. Based on the foregoing in its entirety, the Township has violated Bitler's rights under the First and Fourteenth Amendments of the United States Constitution.

## COUNT ONE: DECLARATORY AND INJUNCTIVE RELIEF
### (42 U.S.C. § 1983)

33. The foregoing paragraphs are incorporated by reference as if set forth at length herein.

34. Based on the foregoing, the Resolution on its face, or as applied to the facts and circumstances of this case, is unconstitutional, in whole or in part, under the First and Fourteenth Amendments to the United States Constitution.

35. Based on the foregoing, as the Resolution is now in effect, there is a credible threat of repeating or ongoing harm that Plaintiff will be targeted for enforcement of the unlawful resolution and will face sanctions.

36. Such threat will continue so long as the Resolution remains in effect.

37. Such threat already has a chilling effect on Bitler's speech and journalistic actions.

38. The foregoing threats cause irreparable injury by chilling speech and media activity for an indefinite period.

39. There is no other adequate remedy at law.

40. Based on the foregoing, Bitler is entitled to relief under 42 U.S.C. § 1983.

**WHEREFORE**, Plaintiff requests the court enter judgment in favor of Plaintiff and against Defendant for the following relief as to the Resolution enacted March 19, 2024 Regarding Audio and Video Recording Conduct during Public Meetings:

(A) Declare unconstitutional such Resolution, in whole or in part.

(B) Preliminarily and permanently enjoin the enforcement of such Resolution, in whole or in part.

(C) Award attorneys' fees and costs.

(D) Such other relief as the Court deems necessary, just, or appropriate.

### COUNT TWO: FIRST AMENDMENT VIOLATION
### (42 U.S.C. § 1983)

41. The foregoing paragraphs are incorporated by reference as if set forth at length herein.

42. Based on the foregoing, the Township infringed and intended to chill and suppress Bitler's freedoms of speech and of the press by prior restraint.

43. Based on the foregoing, Bitler is entitled to relief under 42 U.S.C. § 1983.

**WHEREFORE**, Plaintiff requests the court enter judgment in favor of Plaintiff and against Defendant for damages in an amount to be determined at trial together with an award for reasonable attorneys' fees and costs; and such other relief as the court deems necessary, just, or appropriate.

Respectfully submitted,

**CORNERSTONE LAW FIRM, LLC**

Dated: <u>May 21, 2024</u>     By:     <u>/s/ Joel A. Ready</u>
                                        Joel A. Ready, Esquire
                                        Attorney I.D. #321966
                                        8500 Allentown Pike, Ste. 3
                                        Blandon, PA 19510
                                        joel@cornerstonelaw.us